**Cary NELSON, Respondent,**

v.

**Robert LEVY, Relator,**

**Department of Employment and Economic Development, Respondent.**

**No. A10–996.**

Court of Appeals of Minnesota.

March 15, 2011.

---

Cary Nelson, Oak Park Heights, MN, pro se respondent.

Joshua P. Brotemarkle, Rabuse Law Firm, P.A., Minneapolis, MN, for relator.

Lee B. Nelson, Amy R. Lawler, Minnesota Department of Employment and Economic Development, St. Paul, MN, for respondent Department of Employment and Economic Development.

Considered and decided by SHUMAKER, Presiding Judge; HALBROOKS, Judge; and SCHELLHAS, Judge.

## OPINION

HALBROOKS, Judge.

Robert Levy, relator and owner of Majestic Tile & Stone, LLC, brings this certiorari appeal to challenge the unemployment-law judge's (ULJ) determination that Cary Nelson, respondent and owner of C. Nelson Tile Installation, LLC, was Majestic's employee. Levy contends that Nelson was an independent contractor and that Majestic therefore does not owe unemployment taxes. Because we conclude that the ULJ erred as a matter of law by concluding that Nelson was Majestic's employee, we reverse.

## FACTS

Nelson installs tile for a living. Both Levy and Nelson worked at Mendota Flooring Installation, Inc. until Mendota Flooring went out of business in 2008. After that employment ended, Nelson began operating a business called Nelson Tile and Stone. He purchased tools, prepared a bid sheet, and obtained a federal employer identification number for this business. In January 2009, Nelson and Levy each formed an LLC—C. Nelson Tile Installation, LLC and Majestic Tile & Stone, LLC, respectively. The two LLCs entered into an Independent Contractor Agreement dated January 30, 2009. By the terms of the agreement, C. Nelson Tile Installation is characterized as an independent contractor "engaged in providing a business service described as installation of ceramic tile and stone products."

This dispute arises out of an application for unemployment benefits that Nelson filed based on his employment with Mendota Flooring. When Nelson filled out his application, he listed Majestic as an employer. Because respondent Minnesota Department of Employment and Economic Development (DEED) had not received wage reports from Majestic for Nelson's work, it conducted a field audit to determine Nelson's status with Majestic. The field auditor concluded that Nelson was Majestic's employee and that Majestic owed unemployment taxes on wages it had paid to Nelson.

Majestic appealed the determination. Following a telephone hearing at which Nelson, Levy, and DEED's field auditor testified, the ULJ concluded that Nelson was an employee of Majestic and not an independent contractor. Majestic requested reconsideration, arguing, in part, that the ULJ erred by applying a statute that had been repealed as of January 1, 2009.

Upon reconsideration, the ULJ concluded that Minn.Stat. § 268.035, subd. 9,[1] applied to the work that Nelson performed

---

1. Minn.Stat. § 268.035, subd. 9, was repealed in 2007, effective January 1, 2009. 2007 Minn. Laws ch. 135, art. 3, § 42, at 1329. Even though section 268.035, subdivision 9, was still effective in 2008, the 2008 statutes do not contain the text of this subdivision. The citation is therefore to the 2007 supplement.

for Levy before January 1, 2009, and reaffirmed the determination that Nelson was Majestic's employee. The ULJ noted that after January 1, 2009, Minn.Stat. § 181.723 "determines whether a worker is an independent contractor or an employee when performing public or private sector commercial or residential building construction." But the ULJ concluded that because section 181.723 applies only to individuals, a term defined in the statute as "human beings," the section "is not applicable to this case." The ULJ instead applied "the general rules for determining worker status" contained in Minn. R. 3315.0555 (2009). The ULJ concluded that Nelson was Levy's employee after January 1, 2009, because "Majestic [had] the right to control the means and manner of Nelson's performance [and] Nelson and Levy also both stated in their questionnaire ... that Majestic had the right to discharge Nelson without incurring liability for damages." This appeal follows.

## ISSUE

Did the ULJ err in concluding that Nelson was Majestic's employee?

## ANALYSIS

■ This court may reverse or modify the ULJ's decision if the substantial rights of a petitioner may have been prejudiced because, among other things, the decision is affected by an error of law or is unsupported by substantial evidence in view of the entire record as submitted. Minn.Stat. § 268.105, subd. 7(d) (2010). Employers in Minnesota must pay unemployment insurance taxes on the taxable wages paid to each employee. Minn.Stat. § 268.051, subd. 1(a) (2010). But compensation paid to independent contractors is not taxable under the unemployment-benefits law. *Nicollet Hotel Co. v. Christgau*, 230 Minn. 67, 68, 40 N.W.2d 622, 622–23 (1950). We

must therefore determine whether Nelson was an employee of Majestic or an independent contractor.

■ Whether an individual is an employee or an independent contractor is a mixed question of law and fact. *Lakeland Tool & Eng'g, Inc. v. Engle*, 450 N.W.2d 349, 352 (Minn.App.1990). "Once the controlling facts are determined, the question whether a person is an employee becomes one of law." *Id.* This court reviews factual findings in the light most favorable to the ULJ's decision. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn.App.2006). Questions of law are reviewed de novo. *See id.* In this case, we analyze Nelson's status vis-à-vis Majestic in two different time frames—before and after January 1, 2009. The reason for this is twofold: the statutory scheme applicable to determining if a construction worker is an employee or an independent contractor was amended effective January 1, 2009, and Nelson and Levy began operating as LLCs in January 2009.

### Before January 1, 2009

■ Before January 1, 2009, Nelson worked as an individual; he had not formed C. Nelson Tile Installation, LLC. Minn.Stat. § 268.035, subd. 9, listed nine criteria that an individual working in the construction industry had to satisfy in order to be considered an independent contractor. According to this subdivision:

A worker doing commercial or residential building construction or improvement, in the public or private sector, performing services in the course of the trade, business, profession, or occupation of the employer, is considered an employee and not an "independent contractor" unless the worker meets all the following conditions:

(1) maintains a separate business with the independent contractor's own office,

equipment, materials, and other facilities;

(2) holds or has applied for a federal employer identification number or has filed business or self-employment income tax returns with the federal Internal Revenue Service based on that work or service in the previous year;

(3) operates under contracts to perform specific services or work for specific amounts of money under which the independent contractor controls the means of performing the services or work;

(4) incurs the main expenses related to the service or work that the independent contractor performs under contract;

(5) is responsible for the satisfactory completion of work or services that the independent contractor contracts to perform and is liable for a failure to complete the work or service;

(6) receives compensation for work or service performed under a contract on a commission or per job or competitive bid basis and not on any other basis;

(7) may realize a profit or suffer a loss under contracts to perform work or service;

(8) has continuing or recurring business liabilities or obligations; and

(9) the success or failure of the independent contractor's business depends on the relationship of business receipts to expenditures.

Minn.Stat. § 268.035, subd. 9.

■ The ULJ concluded that Nelson did not satisfy criterion (4) because Nelson did not pay for the tile that he installed. Levy contends that the ULJ's decision is arbitrary and capricious because it is based on a misunderstanding of the construction industry and that the ULJ's finding that Nelson did not incur the main

expenses of his work is unsupported by the record. This issue is one of statutory interpretation. We review questions of statutory interpretation de novo. *Abdi v. Dep't of Emp't & Econ. Dev.*, 749 N.W.2d 812, 815 (Minn.App.2008). The question is whether the phrase "main expenses related to the service or work that the independent contractor performs" necessarily includes the construction materials being installed. It is undisputed that Nelson did not purchase the tile that he installed.

■■ The first step in interpreting a statute is to determine if the statute is clear on its face or if it is ambiguous. *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). Language is ambiguous if it is subject to more than one reasonable meaning. *Brayton v. Pawlenty*, 781 N.W.2d 357, 363 (Minn.2010). We do not find this phrase to be ambiguous. Majestic contracted with Nelson for tile *installation*. There is no dispute that Nelson incurred all of the expenses associated with the installation of the tile. To perform tile-installation services, Nelson testified that he had purchased laser levels, straight edges, a wet saw, a tile cutter, trowels, rough floats, dollies, cordless and corded grinders, a cam saw, various drills, a band saw, extension cords, and shop vacuums. Nelson also testified that he used his own truck, kept his tools in his truck, and wrote off his truck as a business expense. Majestic did not incur any of these expenses. Nor did Majestic supply Nelson with the tile that Nelson installed.

Nelson testified that, in general, the entity contracting for the tile-installation job would pay for the tiles. The construction industry is comprised, in large part, of subcontractors who are responsible for discrete tasks, such as framing, hanging dry wall, electrical wiring, plumbing, etc. Levy argues that to interpret the statute to require that every construction worker

pay for and supply all of the material that he or she uses in order to be considered an independent contractor would lead to an absurd result. We agree. Based on the plain language of the statute, in order to be considered an independent contractor, Nelson, as a tile installer, was responsible for the main expenses related to his installation of tile but was not required to supply the tile for his tile-installation jobs. The ULJ's decision was therefore affected by an error of law.

Even though the ULJ did not address the other eight statutory criteria, we are not remanding because our review of the record shows that the relevant facts of this case are not in dispute and that Nelson met the other criteria necessary to be considered an independent contractor before January 1, 2009.[2] Because Nelson met all nine criteria to be considered an independent contractor, we reverse the ULJ's decision with respect to Nelson's status before January 1, 2009.

### January 1, 2009—Present

 In January 2009, Nelson and Levy each formed an LLC, and Majestic began paying C. Nelson Tile Installation for Nelson's work. The record is clear that Majestic has not paid any wages to Nelson since the two individuals formed their respective LLCs. Nelson is therefore not Majestic's employee. But Majestic did pay C. Nelson Tile Installation for the services it performed. The question remains, therefore, whether C. Nelson Tile Installation could be considered Majestic's employee.

The two companies operate pursuant to a contract titled "Independent Contractor Agreement." The contract contains the following language:

> The Independent Contractor, [C. Nelson Tile Installation], is engaged in providing a business service described as installation of ceramic tile and stone products. Independent Contractor is or remains open to conducting similar tasks or activities for clients other than the Company and holds themselves out to the public to be a separate business entity. This Agreement does not constitute a hiring by either party. It is the parties' intentions that the Independent Contractor shall have an independent contractor status and not be an employee for any purpose. Independent Contractor shall retain sole and absolute discretion in the manner and means of carrying out their activities and responsibilities under this Agreement. Independent Contractor shall not act as an agent of the Company, ostensibly or otherwise, nor bind the Company in any manner.

While this contract is evidence that the parties intended C. Nelson Tile Installation to be an independent contractor and not an employee, this court must look beyond the label in the contract to determine the nature of the parties' relationship. *See St. Croix Sensory Inc. v. Dep't of Emp't & Econ. Dev.*, 785 N.W.2d 796, 800 (Minn. App.2010) (stating that "it is well settled that the nature of the relationship of the parties is to be determined from the consequences which the law attaches to their arrangements and conduct rather than the

---

**2.** In his analysis of Nelson's status after January 1, 2009, the ULJ concluded that "Majestic [has] the right to control the means and manner of Nelson's performance," which would suggest that criterion (3) in section 268.035, subdivision 9, was not met. But to the extent that this conclusion could be applied to the

ULJ's pre–2009 analysis, we agree with Levy that it is not supported by substantial evidence in light of the record as a whole. Nelson's and Levy's testimony supports only one conclusion—that Nelson was solely responsible for the means and manner of his performance—and this testimony was not refuted.

label they might place upon it" (quotation omitted)).

Minn.Stat. § 268.035 (2008 & Supp.2009) defines certain terms as they are used in the context of unemployment compensation. Importantly, this section addresses when workers within certain categories of employment can be considered independent contractors as opposed to employees. As applicable here, Minn.Stat. § 268.035, subd. 9a, states that "[f]or purposes of this chapter, section 181.723 determines whether a worker is an independent contractor or an employee when performing public or private sector commercial or residential building construction or improvement services." We therefore look to Minn.Stat. § 181.723 to determine the circumstances in which a construction worker is considered to be an independent contractor.[3]

The difficulty we are presented with in this case is that section 181.723 "only applies to individuals" and an " '[i]ndividual' means a human being." Minn.Stat. § 181.723, subds. 1(d), 2. The section thus plainly applies only to human beings, not LLCs. DEED contends that the fact that Nelson was operating as an LLC is irrelevant because the statute does not concern itself with "corporate trappings." DEED claims that this case requires remand to determine whether C. Nelson Tile Installation has an "independent contractor ex-emption certificate," which is required under section 181.723 for an individual to be considered an independent contractor. But DEED's argument is inconsistent with the plain language of the statute. Independent-contractor exemption certificates are not available to any entity other than a human being. *See* Minn.Stat. § 181.723, subd. 5. C. Nelson Tile Installation therefore cannot obtain an independent-contractor certificate.

The fact that C. Nelson Tile Installation cannot obtain an independent-contractor certificate leaves us with only two alternatives. Either C. Nelson Tile Installation is automatically an employee of Majestic regardless of the nature of their relationship or the independent-contractor vs. employee distinction is not applicable to LLCs in the construction industry. Concluding that C. Nelson Tile Installation is automatically Majestic's employee would mean that every business contracting with another business in the construction industry enters into an employee/employer relationship. This would be an absurd result. The only logical result is that the independent-contractor vs. employee distinction is not applicable to LLCs in the construction industry and that C. Nelson Tile Installation is therefore not Majestic's employee. We reverse the ULJ's determination based

---

**3.** The ULJ did not apply this section but instead applied Minn. R. 3315.0555 (2009), which mirrors the common-law independent-contractor analysis. *See St. Croix Sensory Inc.*, 785 N.W.2d at 800–04 (using the rule to guide application of the common-law analysis). Even though Minn.Stat. § 268.035, subd. 15(a), states that employment includes services performed by those considered employees under "the common law of employer-employee," these common-law principles apply only to workers that do not fit into any of the specific categories defined in section 268.035. *See* Minn.Stat. § 645.26, subd. 1 (2010) (stating that when two statutory provisions conflict, the specific provisions prevail over the general provisions); *In re Welfare of J.M.*, 574 N.W.2d 717, 721 (Minn.1998) (same). It is undisputed that C. Nelson Tile Installation performs "public or private sector commercial or residential building construction or improvement services." *See* Minn. Stat. § 268.035, subd. 9a. This is a category of workers for which the legislature has created a specific framework to determine whether a worker is an independent contractor or an employee. Both parties agree that we must therefore interpret C. Nelson Tile Installation's status within the confines of section 181.723 and not resort to the application of common-law principles.

on our conclusion that neither Nelson nor C. Nelson Tile Installation was Majestic's employee after January 1, 2009. Because we are reversing the ULJ's decision, we do not reach Levy's alternative arguments.

## DECISION

As a tile installer, Nelson's main expenses related to his work consist of the tools and equipment necessary for tile installation but do not include the cost of the material to be installed. Because Nelson paid for his tools and equipment, we conclude that he satisfied the independent-contractor criteria in Minn.Stat. § 268.035, subd. 9, which governed his status before January 1, 2009. Under the current statutory scheme for determining whether a construction worker is an employee or an independent contractor, we conclude that an LLC is not an employee of another entity. We therefore reverse the ULJ's determination that Nelson was an employee of Majestic Tile & Stone, LLC before and after January 1, 2009.

**Reversed.**